UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANGELO COLLINS II** | **CIVIL ACTION NO. 25-cv-0079** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANGELA EVANS ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) filed by Angela Evans ("Defendant"). [docs. #14, 18]. The motions are opposed. [docs. #16, 20].

For reasons assigned below, it is recommended that the motion to dismiss contained in Defendant's Answer [doc. #14] be **DENIED**. It is recommended that the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6)" be **GRANTED IN PART AND DENIED IN PART** and that this matter be **DISMISSED WITHOUT PREJUDICE.**

BACKGROUND

On January 21, 2025, Angelo Collins, II ("Plaintiff"), who is proceeding *pro se*, filed a complaint in the Western District of Louisiana against Angela Evans ("Defendant") and Della Fountain ("Fountain"). [doc. #1]. The Complaint alleged claims of negligence against Fountain and the intentional tort of sexual assault against Defendant. Plaintiff alleged that the underlying claims arose from sexual abuse he suffered while being cared for by Defendant prior to 2005. Plaintiff initially alleged negligence against Fountain as the owner of the home in which the alleged abuse took place.

On February 5, 2025, Plaintiff filed a motion to amend, requesting the dismissal of claims against Fountain as her inclusion destroyed complete diversity. [doc. #8]. The Court construed the motion to amend as a motion to dismiss and dismissed any claims against Fountain, leaving only the state law tort claims against Defendant.

On May 15, 2025, Defendant, also proceeding *pro se*, filed a Motion to Dismiss for failure to state a claim. [doc. #14]. On June 20, 2025, Defendant filed a subsequent Motion to Dismiss for Lack of Jurisdiction, a Motion to Dismiss for Improper Venue, and a Motion to Dismiss for Failure to State a Claim. [doc. #18]. Defendant first argued that the Court lacked personal jurisdiction over her as she resides in Arizona and has not been to Louisiana for over twenty years. *Id*. Defendant then argued that the Western District of Louisiana is an improper venue as the instant case does not satisfy the requirements of 28 U.S.C. § 1391(b). *Id*. Finally, Defendant argues that the relief sought by Plaintiff cannot be granted as all claims are prescribed under Louisiana law. *Id*.

Plaintiff responded to Defendant's first Motion to Dismiss on May 20, 2025 [doc. #16] and to Defendant's Second Motion to Dismiss on June 20, 2025. [doc. #20]. Plaintiff argued that Defendant had waived any argument against personal jurisdiction by failing to raise that objection in the first answer she filed. *Id*. Plaintiff further argued that the Western District of Louisiana was the proper venue given that he suffered much of his asserted emotional damages in Monroe after his family relocated. *Id*. Plaintiff argued in the alternative that the case could be transferred to the Eastern District of Louisiana, where the alleged abuse took place, rather than the case being dismissed. *Id*. Finally, Plaintiff argues that he has properly alleged facts to constitute under Louisiana Revised Statue 14:42; therefore, a five-year prescriptive period under Louisiana Revised Statute § 9:2800.9(A) would apply. *Id*. Applying the doctrine of *contra non valentum*, Plaintiff

argues that the five-year period would not have begun to run until he was cognitively aware of the abuse and capable of acting upon that knowledge.

Defendant did not file a reply, and the time to do so has elapsed. Accordingly, the motions are ripe.

## ANALYSIS

I. **Legal Standard**

　　A.　**Rule 12(b(2)**

If a court lacks personal jurisdiction over a defendant, the claims against her must be dismissed under Federal Rule of Civil Procedure 12(b)(2). While the plaintiff bears the burden of establishing that personal jurisdiction exists, he need only present facts to make out a prima facie case supporting such jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

　　B.　**Rule 12(b)(3)**

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) generally requires a district court to determine whether venue is supported by 28 U.S.C. § 1391. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue. *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1271 (5th Cir. 1995). When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448-49 (5th Cir. 2008)

(quoting *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007)). However, Rule 12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. *Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cit. 2011).

Title 28, United States Code, Section 1391 states that a civil action may, except as otherwise provided by law, be brought only in "(1) a judicial district in which any defendant resides, if all defendants residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided [by 28 U.S.C. § 1391], a judicial district in which any defendant is subject to personal jurisdiction" at the time the action is commenced. 28 U.S.C. § 1391(b).

C.     12(b)(6)

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate

to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319 (1989).

**II.     Discussion**

As an initial matter, Defendant's first motion to dismiss, contained in her Answer, and made pursuant to Federal Rule of Civil Procedure 12(b)(6), did not raise the issue of personal jurisdiction. [doc. #14]. Federal Rule of Civil Procedure 12(h)(1) provides that a party waives the defense of lack of personal jurisdiction by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Rule 12(g)(2) prohibits a party from a raising a defense "that was available to the party but omitted from its earlier [Rule 12] motion." FED. R. CIV. P.12(g)(2). Thus, lack of personal jurisdiction is waived if a party omits the defense

from a Rule 12 motion and the defense was "available."  *See Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002); *Cactus Pipe & Supply Co. v. Montmartre*, 756 F.2d 1103, 1107-08 (5th Cir. 1985).

However, *pro se* litigants, such as Defendant in the instant case, are generally subject to greater consideration than would be given to an attorney.  Other courts have permitted *pro se* litigants to raise a personal jurisdiction defense even after filing responsive pleadings. *See Goodwin v. Hous. Auth. of New Orleans*, 2014 WL 1691544 at *5 (E.D. La. 2014); *United Advertising Agency, Inc. v. Robb*, 391 F. Supp. 626, 631-31 (M.D. N.C. 1975); *Bell v. Shah*, 2009 WL 860588, at *1 (D. Conn. 2006); *Internet Archive v. Shell*, 2006 WL 1348559, at *1 (N.D. Cal. 2006); *In re Ha*, 2009 Bankr. LEXIS 2345, 2009 WL 2514870, at *2 (Bankr. S.D. Fla. Aug. 11, 2009).  In light of Defendant's *pro se* status, the Court finds that she did not waive her personal jurisdiction defense, and the Court must now determine whether the defense has merit.

### A.  Whether the Court has Personal Jurisdiction over Defendant

When a nonresident defendant, such as in the instant case, seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  Unless the Court convenes an evidentiary hearing on the issue, the plaintiff need only make a prima facie showing that the Court's exercise of personal jurisdiction is proper.  *Id*.  As with Rule 12(b)(1) motions, the Court is not restricted to reviewing the pleadings alone when considering a Rule 12(b)(2) motion: the Court may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994).  "In determining whether a prima facie case exists, this Court must accept as true the plaintiff's uncontroverted allegations, and resolve in [his] favor all conflicts between the

jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219-20 (5th Cir. 2012) (quoting *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)

"The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction comports with Due Process." *Phillips v. ABB Combustion Engineering, Inc.*, 953 F. Supp. 2d 693, 2013 WL 3010794, at *2 (E.D. La. 2013)(citations omitted). "Because the limits of Louisiana's long-arm statute are coextensive with the limits of constitutional due process, the two-part inquiry merges into one: whether this Court's exercise of jurisdiction over the defendant[] would offend due process." *Id*. (citing LA. R.S. § 13:3201(B)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). A district court's exercise of personal jurisdiction satisfies the Due Process inquiry if the plaintiff shows: (1) that the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.*; *see also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010) (citation omitted). "The 'minimum contacts' prong of the two-part test may be further subdivided into contacts that give rise to 'general' personal jurisdiction and 'specific' personal jurisdiction." *Choice Healthcare, Inc.*, 615 F.3d at 368. Courts may exercise general jurisdiction over any lawsuit brought against a defendant that has substantial, continuous, and systematic general contacts with

the forum state. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "If a defendant has relatively few contacts, a court may still exercise specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)) (internal quotation marks omitted).

Here, Plaintiff has alleged that the actions which form the basis of his lawsuit occurred in New Orleans, Louisiana. [doc. #1]. Though Defendant now resides in Arizona, accepting all allegations regarding jurisdiction as true, then the claims arise from the Defendant's contacts with the forum state, and the State of Louisiana can properly exercise personal jurisdiction over Defendant.

Therefore, **IT IS RECOMMENDED** that Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) [doc. #18] be **DENIED**.

**B. Whether Venue is Proper Pursuant to 28 U.S.C. § 1391(b)**

Generally, the court should not consider challenges under Rule 12(b)(6) until after jurisdiction and venue challenges are resolved. *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 221 (2d Cir.1963). Accordingly, the Court will consider Defendant's argument of improper venue first.

Plaintiff argues that Defendant has also waived her ability to raise an objection to venue because she failed to do so in her first Motion to Dismiss. However, "[a] district court may consider *sua sponte* whether venue is proper and has discretion to dismiss or transfer a case if venue is improper." *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); accord *Brown v. McConnell*, 2022 WL 256590, at *2 (W.D. La. Jan. 26, 2022). 28 U.S.C. § 1404(a), authorizes a discretionary transfer when venue is proper but another venue is

more convenient, and § 1406(a), which requires a transfer when venue is improper but justice weighs in favor of transfer to a proper venue rather than dismissal. *See Franco v. Mabe Trucking Company*, Inc., 3 F.4th 788, 793 (5th Cir. 2021). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atlantic Marine Construction Company, Inc. v. United States District Court for Western District of Texas*, 571 U.S. 49, 55 (2013).

The Court will address each of the three options enumerated in 28 U.S.C. § 1391 to determine whether venue is proper in the Western District of Louisiana. Under 28 U.S.C. § 1391(b)(1), a suit may be brought in a judicial district in which any defendant resides if all defendants reside in the state in which the district is located. The sole Defendant alleges she is a resident of the state of Arizona, and this fact is not contested by Plaintiff. Therefore, because Defendant does not reside in the state of Louisiana, much less specifically in the Western District of Louisiana, venue is not proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

Title 28, United States Code, Section 1391(b)(2) allows a civil action to be brought in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §1391(b)(2). Here, Plaintiff does not allege that any of the events or omissions giving rise to these claims occurred in the Western District of Louisiana. Instead, Plaintiff argues that venue is proper in the Western District because Plaintiff lives in the Western District, where he "continues to suffer from emotional and psychological harm," and he has received and continues to receive medical treatment in Monroe, Louisiana, and Ruston, Louisiana, both of which are within the Western District of Louisiana. [doc. #20].

However, courts have routinely rejected this argument because it "flies in the face of the pertinent, plain language of § 1391(a)(2) that venue is proper in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.'" *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995); *Roberson v. Southwest Freight Lines*, 2007 WL 3120045 at *3 (W.D. La. 2007). The event or omission giving rise to Plaintiff's claim is the alleged sexual assault which occurred in New Orleans, not the medical treatment he later sought for the ramifications of that assault. Thus, venue is not proper in the Western District of Louisiana under § 1391(b)(2).

Finally, pursuant to 28 U.S.C. § 1391(b)(3), "if there is no district in which an action may otherwise be brought" under the venue statute, then a civil action may be brought "in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). This third option is not applicable in this case because there exists another district in which this action may otherwise be brought. *Id*. Plaintiff's action could have been brought in the Eastern District of Louisiana, where the actions giving rise to Plaintiff's claims allegedly occurred. *Id*. Therefore, the Court finds that venue is not proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b)(3).

**C. Whether the Action Should be Dismissed or Transferred**

Pursuant to 28 U.S.C. §1406(a), when a plaintiff selects an improper venue, a court "shall dismiss [the action], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a). Defendant argues that the action should be dismissed as the claims brought by Plaintiff are time barred. [doc. #18]. Defendant specifically relies on Louisiana Revised Statute 9:2800.9 which she alleges requires childhood sexual abuse claims to be filed within three years of the date the alleged victim reaches twenty-one years of

age. *Id*. Defendant alleges that the statute provides a five-year window after the age of majority to bring any such claims. [doc. #20].

However, both Plaintiff and Defendant have failed to correctly state the prescriptive period. *See* LA. R.S. 9:2800.9. The statute in relevant part states that "[a]n action against a person for sexual abuse of a minor or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring *does not prescribe*." LA. R.S. § 9:2800.9 (A)(1) (emphasis added). The Louisiana Legislature amended the statute with an effective date of June 2021 to remove the previous ten-year prescriptive period. LA. R.S. § 9:2800.9; [doc. #1]. Plaintiff filed his Complaint after the effective date, and, thus, claims under this statute have not prescribed.

However, the amended statute also places more rigorous filing requirements on those who are twenty-one years of age or older when they file suit. LA. R.S. § 9:2800.9 (B). Specifically, the statute provides:

> B. Every plaintiff twenty-one years of age or older at the time the action is filed shall file certificates of merit executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows:
>
> (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one licensed mental health practitioner who is licensed to practice and practices in this state and whom the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and that the attorney has concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the petition. The person consulted may not be a party to the litigation.
>
> (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his knowledge of the facts and issues, that in his professional opinion there is a reasonable basis to believe that the plaintiff has been subject to criminal sexual activity or physical abuse during his childhood as defined in this Section.

> (3) That the attorney was unable to obtain the consultation required by Paragraph (1) because a statute of limitations would impair the action and that the certificates required by Paragraphs (1) and (2) could not be obtained before the impairment of the action.

*Id*. Thus, the statute requires that a plaintiff file these mandatory certificates contemporaneously with the petition or complaint. LA. R.S. § 9:2800.9 (B); *see also Doe v. Jesuit High Sch. of New Orleans*, 2021-0284 (La. App. 4 Cir 11/10/21), 331 So. 3d 426, 432.

Here, Plaintiff failed to file the required certificate despite being over the age of twenty-one when he filed his Complaint in this Court. Courts have interpreted such failure to provide a certificate as an issue of maturity. *Jesuit High Sch. of New Orleans*, 331 So. 3d at 432; *see also Church Mut. Ins. Co. v. Dardar*, [20]13-2351 (La. 5/7/14), 145 So.3d 271; *Doe v. Diocese of Alexandria*, CW 20-00629 (La. App. 3 Cir. 3/11/21). Further, the statute also prevents plaintiffs from filing such claims which name the defendant until an *in camera* review has been conducted and the Court finds there is "reasonable and meritorious cause for filing of this action." LA. R.S. § 9:2800.9 (D). Without any such finding, and without the requite certificates to make such a finding, a Plaintiff's case cannot properly accrue. *Jesuit High Sch. of New Orleans*, 331 So. 3d at 432. Thus, this Court finds that Plaintiff's claims are premature, and transferring the case to the Eastern District of Louisiana would not be in the interest of justice.[1] *McClintock v. Sch. Bd. of East Feliciana Parish*, 299 F. App'x 363, 366 (5th Cir. 2008).

Accordingly, **IT IS RECOMMENDED** that the Court **GRANT** Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and dismiss Plaintiff's claims **without prejudice**.

---

[1] The undersigned has no facts or information to suggest that Plaintiff could have met the requirements of this statute to provide adequate certifications. A dismissal without prejudice allows Plaintiff to refile his claims in a proper venue *if* he can meet the requirements of the statute.

### D. Motions to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Finally, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in both the motion to dismiss contained in her Answer [doc. #14] and her separately filed motion to dismiss [doc. #18]. However, having found that venue is not proper in the Western District of Louisiana, the undersigned finds that the Court should not reach the merits of Defendant's arguments. Therefore, **IT IS RECOMMENDED** that the Court **DENY** Defendant's motions to dismiss for failure to state a claim under Rule 12(b)(6) [doc. #s 14 & 18].

### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss contained in Defendant's Answer [doc. #14], be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6)" [doc. #18] be **GRANTED IN PART AND DENIED IN PART.** To the extent that Defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6), **IT IS RECOMMENDED** that the motion be **DENIED.** To the extent that Defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), **IT IS RECOMMENDED** that the motion be **GRANTED** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE, WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.** *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 3rd day of December, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE